UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SKYPEAK FUND I LP** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 26-116** |
| **CELEBRATION RIVERBOAT COMPANY, LLC, ET AL.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Plaintiff Skypeak Fund I LP's ("Plaintiff") Application for Temporary Restraining Order and Motion for Preliminary Injunction.[1] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court denies the motion for a temporary restraining order. The request for a preliminary injunction may be renewed if circumstances so warrant after Defendants Celebration Riverboat Company, LLC ("Celebration") and Joseph Baer ("Baer") are served. The Court issues the following order as its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

### I. Background

Plaintiff filed a Complaint against Defendants in this Court on January 20, 2026.[2] The same day, Plaintiff filed the instant Application for Temporary Restraining Order and Motion for Preliminary Injunction.[3]

Plaintiff is a private equity and financing entity that loans money and invests in businesses

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 1.

[3] Rec. Doc. 4.

1

to assist with growth and development of those businesses.[4] Defendant Celebration is a boating and transportation company.[5] According to the Complaint, in 2023, Celebration approached Plaintiff about assisting it with obtaining a small tugboat and events barge for business in Louisiana.[6] Throughout 2023 and 2024, Plaintiff made loans to Celebration for its business operations in Louisiana.[7] These loans were all subject to individual promissory notes.[8]

Plaintiff alleges that Celebration is in default on all of the promissory notes for non-payment.[9] Plaintiff further alleges that Celebration has not fulfilled its obligations imposed by one of the promissory notes to provide a privileged mortgage on one of its vessels.[10] Defendant Baer is a guarantor on one of the promissory notes.[11] According to the Complaint, as of December 31, 2025, the total amount of principal, interest and fees due under one of the promissory notes is $1,192,502.00, the total of which Plaintiff alleges Celebration and Baer are fully liable.[12]

The Complaint does not invoke admiralty jurisdiction. Plaintiff alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.[13] Plaintiff alleges there

---

[4] Rec. Doc. 1 at 6.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 7.

[11] *Id.*

[12] *Id.* at 8.

[13] *Id.* at 2.

is complete diversity of citizenship between Plaintiff and all Defendants.[14] For diversity purposes, Plaintiff alleges that Defendants are citizens of the State of Kentucky, and Plaintiff is not a citizen of the State of Kentucky.[15] Additionally, Plaintiff alleges that the amount in controversy is greater than $75,000, exclusive of interest and costs, as evidenced by the promissory notes described in the Complaint.[16]

In the motion for a temporary restraining order, Plaintiff requests that the Court issue a temporary restraining order, without notice to Celebration, prohibiting Celebration and any of its employees, managers, members or representatives from: (1) selling, alienating, encumbering or taking any other action that would eliminate, reduce or interfere with Plaintiff's senior security interest in vessel number 643918, the MV Ashburn now named Juanita Verjean and (2) from taking any actions, including encumbering, selling, alienating or any other action that eliminates, reduces or prejudices Plaintiff's junior security interest in the Lucy May vessel number 614508.[17]

Plaintiff asserts that it is entitled to the requested relief because: (1) there is a substantial likelihood it will succeed on the merits because Plaintiff will easily be able to prove the amounts due under the promissory notes and that those amounts have not been paid in accordance with the terms of the promissory notes; (2) there is a substantial threat of irreparable harm because "Celebration has limited assets" and without the security interest perfected Plaintiff is at risk its security will be undermined and will not be available to satisfy the promissory notes; (3) the

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 4.

balance of the equities favors issuance of an injunction because the irreparable injury to Plaintiff outweighs any harm to Celebration; and (4) the requested injunctive relief will not disserve the public interest.[18]

## II. Findings of Fact and Conclusions of Law

Federal Rule of Civil Procedure Rule 65 governs injunctions and restraining orders, and Rule 65(b) sets forth the procedural rules governing the issuance of temporary restraining orders. Under Rule 65(b), a court may issue a temporary restraining order without notice only if:

(A) [S]pecific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) [T]he movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[19]

When a TRO is "issued without notice to the adverse party," the order must state "the date and hour it was issued; describe the injury and state why it is irreparable; state why the Order was issued without notice; and be promptly filed in the clerk's office and entered in the record."[20] "The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record."[21]

The plaintiff must additionally establish the following essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will

---

[18] Rec. Doc. 4-1 at 8–9.

[19] Fed. R. Civ. P. 65(b)(1)(A),(B).

[20] Fed. R. Civ. P. 65(b)(2).

[21] *Id.*

result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[22] Because such relief is an extraordinary remedy, to justify entry of a temporary restraining order or preliminary injunction,[23] the petitioner must "clearly carr[y] the burden of persuasion on all four elements."[24] If a plaintiff fails to carry its burden as to any one of these factors, injunctive relief cannot be granted.[25] Regardless of whether the temporary restraining order is granted, Federal Rule of Civil Procedure 52(a) requires the Court to "state the findings of fact and conclusions of law that support its action."[26]

As to the second factor, Plaintiff contends that it is owed substantial amounts of money from the promissory notes that Celebration has defaulted and breached. Plaintiff asserts that Celebration has limited assets.[27] Plaintiff argues that Celebration obligated itself to assist with perfecting the security interest and the filing of all of the necessary documents to secure the security interest.[28] Without the security interest perfected and in the public record, Plaintiff states it is at risk that its security will be undermined and will not be available to satisfy the promissory note.[29] Plaintiff will be irreparably harmed because Celebration lacks assets to satisfy its

---

[22] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[23] The legal standard for issuance of a temporary restraining order and for a preliminary injunction are the same. *See Gregory v. Miller*, No. 04-3017, 2007 WL 891878, at *2 (E.D. La. Mar. 21, 2007) (Engelhardt, J.).

[24] *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotation marks and citations omitted).

[25] *See Enterprise Int'l Inc. v. Corp. Estatal Petrolera Ecautoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

[26] Fed. R. Civ. P. 52(a)(1), (2).

[27] Rec. Doc. 4-1 at 8.

[28] *Id.*

[29] *Id.*

obligations.[30] Further, Plaintiff asserts it will be irreparably harmed if Celebration is allowed to violate and ignore its contractual obligations and impair Plaintiff's security interest.[31]

"Federal courts have long recognized that, when 'the threatened harm is more than de minimis, it is not so much the magnitude but the irreparability that counts for purposes of a preliminary injunction.'"[32] "It is thus well-established that an injury is irreparable only 'if it cannot be undone through monetary remedies.'"[33] "'The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'"[34]

Plaintiff does not cite any authority to support its argument that there is irreparable harm because Celebration allegedly lacks assets to satisfy its obligations. In *Productos Carnic, S.A. v. Central American Beef & Seafood Trading Company*, the Fifth Circuit found that injunctive relief may be granted to protect the integrity of the remedy of damages at law.[35] The Fifth Circuit stated that even if the plaintiff's remedy were limited to damages, an injunction could issue to protect that remedy.[36] In *In re Fredeman Litigation*, a later decision by the Fifth Circuit, the court asserted that this statement in *Productos Carnic* was dictum and therefore, that opinion did not persuade the panel that injunctive relief is a remedy that may always be used to protect a potential money

---

[30] *Id.* at 9.

[31] *Id.*

[32] *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (quoting *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985)).

[33] *Id.* (quoting *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984)).

[34] *Id.* (quoting *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975)).

[35] *Productos Carnic, S.A. v. Cent. Am. Beef & Seafood Trading Co.*, 621 F.2d 683 (5th Cir. 1980).

[36] *Id.* at 686.

6

damages award.[37] In *Apen Technology, Inc. v. M3 Technology, Inc.*, the Fifth Circuit found that a district court did not abuse its discretion in finding the plaintiff would suffer irreparable harm based on evidence that there was a "substantial probability that [the plaintiff would] be unable to collect a judgment against [the defendant]" in light of the defendant's initiation of bankruptcy proceedings.[38]

In this case, the only evidence Plaintiff has presented to support its claim that Celebration will be unable to pay a judgment is a declaration of Michael Pope, Plaintiff's manager. This self-serving declaration states that "[u]pon information and belief Celebration has limited assets and these vessels are its main assets."[39] The declaration does not set forth any other facts to support these assertions. Additionally, Plaintiff has named Celebration and Baer as defendants. According to the Complaint, as of December 31, 2025, the total amount of principal, interest and fees due under one of the promissory notes is $1,192,502.00, the total of which Plaintiff alleges Celebration and Baer are fully liable.[40] Pope's declaration states that the total amount due under all of the promissory notes is $2,103.650.58.[41] Therefore, Baer is allegedly liable for more than half of the total amount owed. Plaintiff only seeks a temporary restraining order against Celebration. The record is devoid of any facts regarding Baer's ability to pay a judgment.

Plaintiff has failed to demonstrate to the Court that it will suffer irreparable harm if a temporary restraining order does not issue. Rather, Plaintiff simply seems to request an injunction

---

[37] *In re Fredeman Litig.*, 843 F.2d 821 (5th Cir. 1988).

[38] *Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 F. App'x 259, 273 (5th Cir. 2014).

[39] Rec. Doc. 4-3 at 5.

[40] Rec. Doc. 1 at 8.

[41] Rec. Doc. 4-3 at 5.

to protect assets to satisfy a potential money damages award. Accordingly, having failed to satisfy one prong of the test for a temporary restraining order to issue, the Court finds that Plaintiff has not carried its burden of showing that a temporary restraining order should issue without notice to Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for a Temporary Restraining Order and Motion for Preliminary Injunction[42] is **DENIED.** Plaintiff has not carried its burden of showing that a temporary restraining order should issue without notice to Defendants. After Plaintiff has perfected service on Defendants, it may refile a Motion for Preliminary Injunction, if the circumstances so warrant.

**NEW ORLEANS, LOUISIANA**, this <u>20th</u> day of January, 2026.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[42] Rec. Doc. 4.

8