**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SKYPEAK FUND I LP**                                         **CIVIL ACTION**

**VERSUS**                                                   **NO. 26-116**

**CELEBRATION RIVERBOAT COMPANY,**              **SECTION: "G"(5)**
**LLC, ET AL.**

## ORDER AND REASONS

Before the Court is *pro se* Defendant Joseph Baer's ("Baer") "Motion to Quash/Exception of Service of Process."[1] The Court construes Baer's motion as a Motion to Dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.[2] Plaintiff Skypeak Fund I LP ("Plaintiff") opposes the motion.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court finds that the Motion is moot because Plaintiff has agreed to re-serve Defendants.

Plaintiff filed a Complaint against Baer and Celebration Riverboat Company, LLC on January 20, 2026.[4] Plaintiff filed Proof of Service on January 21, 2026.[5] The Proof of Service states that Baer was personally served on January 21, 2026, at 12:56 p.m. at 633 Brandtly Ridge

---

[1] Rec. Doc. 10.

[2] The Court has liberally construed Defendant Baer's pro se filing, applying less stringent standards than it would to a party represented by counsel. *United States v. Gonzales*, No. 23-50193, 2024 WL 1478874, at *1 (5th Cir. Apr. 5, 2024).

[3] Rec. Doc. 13.

[4] Rec. Doc. 1.

[5] Rec. Doc. 6-1 at 2.

1

Dr., Covington, KY 41015.[6] According to the Proof of Service, Baer's identity was "confirmed by stating [his] name. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white male contact 45-55 years of age, 5'4"-5'6" tall and weighing 140-160 lbs."[7]

Baer filed the instant Motion asserting that he was not properly served, and that the Proof of Service's claims are "fabricat[ed]" and "impossible."[8] Baer avers that at the time of the alleged service, he was underway aboard a vessel and that his Kentucky residence was vacant.[9] In support of this assertion, Baer provides a copy of the ship's log from the date in question.[10] Baer further avers that he does not match the description of the individual who was allegedly served because Baer weighs 240 pounds and has greying hair, rather than blonde hair.[11]

Plaintiff filed an Opposition stating that the Proof of Service is prima facie evidence of sufficient service,[12] but should the Court find otherwise, Plaintiff requests leave to perfect service on both Defendants.[13]

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."[14] "In the absence of valid service of process,

---

[6] *Id.*

[7] *Id.*

[8] Rec. Doc. 10 at 3.

[9] *Id.*

[10] *Id.* at 9.

[11] *Id.*

[12] Rec. Doc. 13 at 8.

[13] *Id.* at 7–8.

[14] *Wallace v. St. Charles Parish Sch. Bd.,* 2005 WL 1155770, at *1 (E.D. La. May 5, 2005).

proceedings against a party are void."[15] "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."[16] "A signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence."[17] District courts may consider affidavits or declarations to resolve the Rule 12(b)(5) motion.[18] "If a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[19] District courts have broad discretion in determining whether to dismiss for ineffective service of process.[20] Ordinarily, "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."[21]

Plaintiff relies on the signed Proof of Service as prima facie evidence that Baer was personally served at his home. Baer has provided convincing evidence to show that he was working aboard a vessel on the date in question. Plaintiff bears the burden of showing that service was proper, and it has not met that burden. Nevertheless, Plaintiff has agreed to re-serve both Defendants. Therefore, the Court exercises its broad discretion to allow Plaintiff to re-serve Defendants, which renders Baer's motion moot.

---

[15] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

[16] *Id.*

[17] *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (citations omitted).

[18] *See Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-1062, 2020 WL 2404911, *1 (W.D. La. May 12, 2020).

[19] Fed. R. Civ. P. 4(m).

[20] *Henderson v. Republic of Texas*, 672 F. App'x 383, 384 (5th Cir. 2016) (citing *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

[21] *Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colorado*, 942 F.2d 1498, 1500–01 (10th Cir. 1991) (citation and quotation marks omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Quash/Exception of Service of Process"[22] is **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Skypeak Fund I LP shall perfect service on Defendants Joseph Baer and Celebration Riverboat Company, LLC within 21 days of this Order.

**NEW ORLEANS, LOUISIANA,** this __3rd__ day of August, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[22] Rec. Doc. 10.